UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 03-10501-WRS
                                                    Chapter 7
COLLINS SIGNS INC.,

    Debtor

SUSAN SHIROCK DEPAOLA, TRUSTEE,

    Plaintiff                                   Adv. Pro. No. 04-1050-WRS

  v.

BURGER KING,

    Defendant

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon Plaintiff Susan DePaola's Motion for Default Judgment. (Doc. 11). The Court notes two problems with this motion. First, it does not appear that she has properly named a defendant. Second, service of process has not been properly completed. The Court will address these two matters in sequence.

This Adversary Proceeding is an action to recover a preference pursuant to 11 U.S.C. § 547. The complaint named a single defendant as "Burger King," with no reference as to whether this is a corporation or some other kind of entity. Service has been attempted, by first-class mail as follows: "Burger King, 701 E. Hwy. 70, Thatcher, AZ 85552." Burger King is a large chain of fast-food restaurants specializing in hamburgers. It is headquartered in Miami, Florida. This "Burger King" in Thatcher, Arizona is most likely a franchisee, or possibly a remote outpost of the large hamburger chain. Based upon the Court's record, as it now stands, it does not appear

that the defendant has been properly identified. For this reason alone, the Court may deny a motion for default judgment.

The second problem is service of process. As a defendant is not properly identified, it does not make much sense to ponder how to serve a nonexistent party. Nevertheless, in the event the Plaintiff amends her complaint to properly name a party defendant she should bear in mind the rules governing service of process. If the defendant is a corporation, service may be made by first-class mail as set forth in Rule 7004(b)(3), Fed. R. Bankr. P. The Court recently granted a motion to dismiss for improper service in another Adversary Proceeding which is related to this bankruptcy case. See, DePaola v. Bunker Plastics, (In re: Collins Signs, Inc.), Adv. Pro. No. 04-1135, (Memorandum Decision dated November 16, 2004). The Court's Memorandum Decision in Bunker Plastics will provide additional guidance.

The Court notes that service of process must be made within 120 days of the filing of the complaint. Rule 4(m), Fed. R. Civ. P. This Adversary Proceeding was filed on April 16, 2004. This Adversary Proceeding will be dismissed 30 days from the date hereof, unless the Plaintiff: (1) properly names a defendant, and (2) makes good service of process upon a properly-named defendant. The Court will, by way of a separate order, deny the Plaintiff's motion for default judgment.

Done this 23rd day of December, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: R. Scott Williams, Attorney for Plaintiff
 Burger King, Defendant

2

Case 04-01050    Doc 12    Filed 12/23/04    Entered 12/23/04 15:11:38    Desc Main
Document    Page 2 of 3

3